# Helfenbein, Appellant, *v.* Wohlfeld.

*Negligence—Master and servant—Assumption of risk.*

1. In an action by an employee against his employer to recover damages for an injury to his hand sustained while he was working at a machine in defendant's factory, a non-suit is properly entered where the evidence shows that the plaintiff was thirty-seven years old, that he had worked at the machine for fifteen months, that at the time of the accident he was instructing an apprentice in its use; that the machine was of the kind in ordinary use; that it was in proper condition; and that any danger in its use was exceedingly remote and was fully understood by plaintiff.

2. In such a case the risk to which the plaintiff was exposed was incident to the business and was obvious, and consequently assumed by him.

Argued Jan. 11, 1912. Appeal, No. 245, Jan. T., 1911, by plaintiff from order of C. P. No. 2, March T., 1908, No. 2714, refusing to take off non-suit in case of Israel Helfenbein v. Samuel Wohlfeld, trading as The American Novelty Manufacturing Company. Before Fell, C. J., Brown, Mestrezat, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Wiltbank, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory non-suit which it subsequently refused to take off.

*Error assigned* was order refusing to take off non-suit.

*Bernard Harris,* for appellant.

*Ira Jewell Williams,* of *Simpson, Brown & Williams,* for appellee.

PER CURIAM, March 18, 1912:

The plaintiff's hand was injured while he was engaged in operating a machine in the defendant's factory, by which small sheets of flexible fibre board were creased to adapt them to use in the manufacture of small boxes. The machine consisted of an iron table over the middle of which, and seven-eights of an inch above its surface was a frame in which the blade which produced a crease worked up and down. In operating the machine the boards were fed into the narrow space under the frame and pressed by the blade. The operator handled the boards from the edge nearest himself and had no occasion to place his hands within several inches of the blade. Back of the blade there was a movable gauge against which, when the machine was fed from the front, the boards were pressed in order that they should be uniformly creased. A crease nearer than two inches from the edge of a board could not be made when the operator stood at the front of the machine and when a narrower margin was desired, he went to the back of the machine, adjusted the gauge at the right distance and placed the edge of the board nearest him against it. The gauge was not intended as a protection for the operator but only to secure uniformity in creasing.

The plaintiff was thirty-seven years old, he was familiar with the operation of the machine and had worked at it fifteen months. At the time he was injured he was at the back of the machine instructing an apprentice in its use.

It appeared from the plaintiff's testimony that the machine was of the kind in ordinary use, that it was in proper condition and that any danger in its use was exceedingly remote and was fully understood by him. We find no evidence of negligence on the part of the defendant. The risk to which the plaintiff was exposed was incident to the business and was obvious and con-

sequently assumed by him.   It follows that the nonsuit
was properly entered.

The judgment is affirmed.